# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ELBERT B. GLEAVES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> RUSSELL WASHBURN, Warden, ) <br> ) <br> Respondent. ) | Case No. 3:18-cv-00801 <br> Judge Trauger |

## MEMORANDUM AND ORDER

The petitioner, Elbert B. Gleaves, is a state prisoner incarcerated at the Trousdale Turner Correctional Center in Hartsville, Tennessee. He has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and has paid the filing fee (Doc. No. 4).

Upon initial review of the petition under Rule 4 of the Rules Governing § 2254 Cases, the court raised the issue of the timeliness of the petition *sua sponte*, but gave the petitioner "a fair opportunity to show why the limitation period should not yield dismissal of the petition." *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)). In its order entered November 26, 2018, the court gave the petitioner 30 days in which to show cause why his petition should not be dismissed as untimely and cautioned him that failure to file a timely response to the court's order, or to seek an extension of time in which to do so, may result in dismissal of his petition. (Doc. No. 7.) When the petitioner timely sought an extension of the deadline (Doc. No. 10), the court granted his request and gave him until February 11, 2019 to file his response. (Doc. No. 11.)

To date, no further request for extension of the petitioner's response deadline has been sought, and no showing of the timeliness of his petition has been made.

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Courts also retain the inherent power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). "It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citing *Link*, 370 U.S. 626); *see also Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of habeas petition for want of prosecution and failure to comply with court order to cure filing deficiency); *Smith v. Michigan Dep't of Corr. Hearings Div.*, No. 14-14790, 2015 WL 4620605, at *1–2 (E.D. Mich. July 31, 2015) (dismissing habeas petition under Rule 41(b) for failure to pay filing fee or submit IFP application).

Dismissal of this action is appropriate in view of the petitioner's fault in failing to comply with the court's order, despite having been warned that such failure could lead to dismissal. *Choate v. Emerton*, No. 2:16-cv-00037, 2018 WL 3656505, at *2 (M.D. Tenn. Aug. 2, 2018), *report and recommendation adopted*, 2018 WL 4076955 (M.D. Tenn. Aug. 27, 2018). Under Rule 41(b), dismissal for failure to prosecute can be either with or without prejudice. In view of the petitioner's *pro se* status, as well as the preference for disposing of cases on their merits, the court finds dismissal without prejudice to be the appropriate disposition here. *See id.* (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011)); *Smith*, 2015 WL 4620605, at *2 & n.1.

Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the court's order.

Having determined that this action must be dismissed, the court must issue or deny a certificate of appealability (COA). Rule 11(a), Rules Gov'g § 2254 Cases. When a habeas petition is denied on procedural grounds without reaching its underlying constitutional claims, a COA should issue if "the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not find it debatable that this court correctly determined that the petitioner failed to comply with the court's order, no COA will issue. *See Smith*, 2015 WL 4620605, at *2.

This order constitutes the final judgment in this action under Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

ENTER this 3rd day of April 2019.

_____
Aleta A. Trauger
United States District Judge